**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES OF AMERICA**

-vs-                                                                         Case No. 6:90-cr-119-Orl-19

**MOHAMMED M. ZINDADIL,**

        **Defendant.**

_____

# ORDER

This case comes before the Court on the Motion to Amend Sentence by Mohammed M. Zindadil. (Doc. No. 60, filed Mar. 8, 2010.)

## Background

In the instant Motion, Mohammed M. Zindadil requests that he be allowed to participate in the pilot program for early release of elderly offenders, authorized by the Second Chance Act of 2007. Pub. L. 110-199 (2008) (codified in relevant part at 42 U.S.C. § 17541(g)).

The Second Chance Act directs the Attorney General to conduct a pilot program "to determine the effectiveness of removing eligible elderly offenders from a Bureau of Prisons ("BOP") facility and placing such offenders on home detention" until their term of confinement has expired ("Elderly Inmate Pilot Program"). 42 U.S.C. § 17451(g)(1)(A). The Attorney General is to conduct the Elderly Inmate Pilot Program in the fiscal years 2009 and 2010 at one or more BOP facilities designated by him as appropriate for the Program. *Id.* § 17451(g)(3). The Attorney General may release some or all eligible elderly offenders from the designated BOP facility or facilities. *Id.* § 17451(g)(1)(B). Further, because of the experimental nature of the program, the Attorney General

is to monitor each eligible elderly offender placed on home detention under the Elderly Inmate Pilot Program and must report to Congress at the end of fiscal year 2010 on the success of the Program. *Id.* § 17541(g)(4).

In order to be eligible for the Elderly Inmate Pilot Program, the offender must satisfy two sets of requirements in addition to being not less than 65 years of age. The first set concerns the nature of the crime for which the offender is incarcerated and his criminal history. The offender must: (1) be serving a term of imprisonment other than life imprisonment based on a conviction for an offense or offenses that does not include any crime of violence, sex offense, or other offense enumerated in the statute; (2) have served the greater of 10 years or 75% of the term of imprisonment imposed at sentencing; and (3) have not been convicted in the past of any Federal or State crime of violence, sex offense, or other offense enumerated in the statute. 42 U.S.C. § 17541(g)(5)(A)(i)-(iii).

The second set of requirements relate to the offender's adjustment while incarcerated. Some of these requirements require specific judgments and findings by the BOP with regard to the particular offender. Under the second set of requirements: (1) the offender must not have been determined by the BOP to have a history of violence or of sex offenses or the other offenses described in the statute,[1] (2) the offender must not have escaped or attempted to escape from a BOP institution; (3) the BOP must determine that release of the offender to home detention will result in a substantial net reduction of costs to the federal government; and (4) the BOP must determine that

---

[1] The BOP is empowered by the statute to make this determination "on the basis of information the Bureau uses to make custody classifications, and in the sole discretion of the Bureau." 42 U.S.C. § 17541(g)(5)(A)(iv).

the offender poses no substantial risk of engaging in criminal conduct or of endangering any person if released to home detention. *Id.* § 17541(g)(5)(A)(iv)-(vii).

Even if Zindadil met the first set of requirements, the Court cannot order that he be allowed to participate in the Elderly Inmate Pilot Program. The BOP, not this Court, has the authority to determine whether Zindadil satisfies the second set of requirements. In addition, it would be improper for the Court to issue a recommendation to the Attorney General that Zindadil be considered for the Elderly Inmate Pilot Program because the Court is not empowered to interfere with the statutory authority of the Attorney General to administer the Program. *Id.* § 17541(g)(1)-(4); *see also United States v. Moore*, No. 2:93-cr-310-ID, 2009 WL 2970464, at *3 (M.D. Ala. Sept. 11, 2009) (declining to recommend that an offender participate in the Program). Accordingly, the instant Motion to Reduce Sentence should be denied.

## Conclusion

Based on the foregoing, the Motion to Amend Sentence by Mohammed M. Zindadil (Doc. No. 60) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on March 18, 2010.

*(signature)*

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Defendant
Attorney for Defendant
Attorney for the United States
United States Probation